15 minutes preside the appalachian save a few minutes for rebuttal. Please call the first case Good morning, your honors. My name is Christopher Kopecz from the state of poets offenders office. I represent the defendant Kendrick Butler Good morning. I have for the people of the state of Illinois, I am an assistant state attorney at Tasha Freedman. Good morning. Whenever you're ready, sir. Thank you Good morning and may it please the court. I'd like to reserve at least two or three minutes for rebuttal and today I'd like to focus my arguments on the second argument in the brief the bigness of the firearm enhancement statute. But if this court has any questions, I'd welcome them on the first argument regarding the excessive sentence. You're not going to argue the excessive sentence? Are you going to just rely on your briefs for that? Unless if this court has any questions, I will ask questions if we have any. Yeah, and time permitting as well. Okay. Thank you. Kendrick Butler was subject to firearm enhancement of 25 years to natural life for the personal discharge of a firearm that approximately caused the victim's death. This enhancement or the sentencing range is unconstitutionally vague because it provides no criteria, no standards, no guidelines, no factors whatsoever to guide the judge in determining what sentence within that range to impose. Is that an unusual event? I mean, it seems to be that's what a judge does in their discretion in sentencing a defendant. Certainly a judge has discretion in sentencing a defendant and the judge has that discretion within the base range of 20 to 60 years for first degree murder. The statute says that on top of that sentence shall be added this firearm enhancement with this exceedingly broad range of 25 years to natural life. So this enhancement can far exceed the base sentence itself, which is just a maximum 60 year sentence. Isn't that what the legislature intended to address what they saw with the evil of using firearms? Certainly. And that was the purpose of the whole statute was to address firearms and the problems associated with them. But having done so, it's incumbent on the legislature to, for lack of a better word, to not be vague, to provide factors to guide the judge's discretion so that the defendant can meaningfully challenge or argue against the judge's decision, so that this court can review the judge's exercise of that discretion. And we see that in many, many other contexts in terms of whether to shackle a defendant, whether to allow a prior conviction in. There are all sorts of factors that trial judges have to consider and that the defendant can argue and this judge can, or this court can review to determine whether the judge abused or lawfully exercised his discretion. How would that work? How do you pronounce your last name? Kopass. How would that work? I mean, you're saying factors the legislature should either write into the statute certain factors or suggest certain factors. How would that work in the context of the discretion of a trial judge to determine a sentence based on the particular facts of the particular case before him or her? Well, we see it, for example, with the general statutory aggravating and mitigating factors. And the judge has a list of statutory aggravating factors, you know, did the defendant threaten serious harm? Did he obtain compensation? Was he in a position of trust? So there's a long list. And don't those apply here? No, our position is they don't. Having applied to that base sentence, it would be improper to sort of double count or double enhance using those factors. Those factors are used for the 20 to 60 and then shall be added to that term, this additional enhancement for which the legislature has given us no guidelines as to how to apply that to a particular defendant. Well, a judge has guidelines and factors that he or she takes into consideration in imposing any sentence. So why would this be different? Well, the judge's fact, certainly the judge has discretion, has factors to consider. Those factors are limited by statute, by case law. Judge can't consider any factor at all. So this particular one gives the judge no factors. What's in the statute gives you no, just no guidelines whatsoever. It says 25 to life shall be added. Even if they're not specifically enumerated in the statute, don't we have a wealth of case law that talks about what judges should consider when sentencing someone when the legislature provides a range? Well, yes. And those certainly apply to the base sentence of 20 to 60 years. But case law is very clear that it would be improper for a single offense to double enhance or double count those aggravating factors. I mean, that was the reason that this court remanded Mr. Butler's case in the first place, was that the trial judge treated this as two separate counts, two separate charges, if you will. And this court made it very clear that this is one murder, one offense. And so it would be improper to take those aggravating factors, apply them to elevate a sentence within the 20 to 60 range, and then double enhance or double count those factors. Again, the 25 to life range. The problem here, certainly the legislature has the prerogative to remedy the firearms problem. But having done so, they can't leave it to the judges, you know, to use, you know, their own perception of who knows what to make that determination. Well, I think they can certainly leave it to the judges to use their discretion within clearly enunciated parameters. And that's what this statute does. Well, no, we don't have any clearly enunciated parameters here. Well, it has 25 years on one side and life on the other. I mean, and within that range, the judge gets to consider lots of things. And that's what judges do, Mr. Kopass. I mean, when you're sentencing a person, you look at the facts of the case, all of the mitigating factors and the aggravating factors, and then you come up with a sentence. And I'm trying to pin you down on what is different about this. What is the crux of your argument? If we agree with you, we have to write something, you know, you've got to write something and say, this is why we agree with them. What is that? What is the crux of your argument? I'm just not getting it. I think part of the problem is, goes back to, again, the vagueness of this statute. You have a statute that says, you know, 15 years for being armed with a firearm, 20 years for discharging. And then if it approximately causes death, all of a sudden it goes from those, you know, sort of single numbers that are added to a range from 25 to life. And it's up to the judge to decide. The statute itself doesn't guide the judge in any way. And granted, judges are allowed to use or consider many factors, but the statute doesn't explain what those factors are. How would you like to see the statute written? Would you have, I mean, are you suggesting it should have said, for certain injury, it's 25 to 45? Or what do you see that statute looking like that would pass your concept of constitutional? I mean, quite frankly, I'm not so sure, because again, the statute is vague. I think it'd sort of be improper for me to suggest how the legislature should, you know, portion sentences. And I think it would be improper for this court to suggest, you know, outside of any, you know, statutory guidance, how a court should, you know, deal with this very, very broad enhancement range. I mean, we look at, for example, this is an enhancement that allows the judge to give the highest penalty in Illinois, a natural life sentence, as a pure enhancement. And without having any, like, individualized factors that he must consider. And certainly, we would not tolerate that in the death penalty context. There are years and years, a great body of case law requiring individualized consideration, mandatory statutory aggregating factors and the like to guide the sentencer's discretion in giving that ultimate sentence. Here, the court can do that just with an enhancement. And without the defendant being able to say, I think that factor was wrong for you to consider, judge. Or this court to say, you know what, the judge abused his discretion because he considered the wrong factor. And here we have a judge who gave an enhancement of 30 years. And I don't, I don't know why the record's not at all clear as to what the judge thought elevated this enhancement above the 25-year minimum. Well, there are lots of things in the record. I mean, the judge certainly highlighted the fact that Mr. Butler showed no remorse. And he went up to a group of people and fired a gun five or six times into the back of a car, knowing that, I mean, the reason that he was firing the gun was to hit somebody. We can assume that. And he went up to the car and fired the gun. And the judge pointed that out. And she also talked about the fact that the family of this victim would be impacted. There are lots of things. So to suggest that somehow the trial court just out of the blue imposed a sentence without putting anything on the record, I don't think is quite accurate. Well, I think those aggravating factors, certainly the judge identified those aggravating factors. And those are certainly proper within the context of determining the base sentence of 20 to 60 years, which is already a very severe sentence. And the judge gave a severe sentence within that range of 50 years. So a sentence quite close to the maximum. And then when it came to the separate consideration of the firearm enhancement, the judge gave a 30-year enhancement for reasons that are entirely unclear and that illustrate why this statute is so constitutionally problematic. In order to overcome vagueness, I mean, the case law says that you have to have, you know, a basis decision based on his or her own private conceptions. And that's what you have here when the judge, having already considered all those aggravating factors and making that 50-year sentence determination, then comes to the firearm enhancement and picks a number greater than 25 for no reason clear in the record. So if she had imposed a sentence of 25 years, would you, you wouldn't be here arguing, is that, is it the five-year difference that's really getting to you? I think any difference above the 25, I mean, what's to say a judge can't give a 100-year enhancement or a 200-year enhancement or a natural life enhancement? I mean, what's, there's no basis for a defendant to challenge that, to say the judge considered these factors wrongly. And for this court to then review and say, you know what, based on these factors, a 100-year enhancement is inappropriate. But you mentioned it's a severe sentence, but of course it's a severe crime. This was an innocent bystander that was mistakenly thought to be a rival gang member. And you're relying on this range in the statute for the enhancement. Of the cases you've given us on your second issue, which do you think is the most relevant to our analysis and why do you think it requires us to find this particular enhancement system to be unconstitutional? I'm not so sure. This is, as far as I understand, a case of first impression. I don't think there's a published decision addressing this vagueness argument. I'm aware of one unpublished decision where a judge has found, has accepted this argument to find this unconstitutionally vague. But I think that it's best just to go back to the definition of what's vague and that standard is cited in the brief. You know, the statute must provide sufficiently definite standards for the trier effect such that its application does not depend merely on private conceptions. And so I think that comes out of Sharp and Greco and maybe another case cited in the brief. Here the judge is left to his or her private conceptions in deciding what,  But in making that decision, the case law also says that we are to look at the legislative objective. And so, I mean, the legislative objective is fairly clear and has been articulated in Sharp. So looking to that, don't we have greater understanding of what this language means? I think the legislative intent is very clear. I certainly agree with you that the legislature was trying to remedy the problems associated with firearms. But having done so, it has to provide sort of those definite standards to the trial courts to follow to allow a defendant to challenge that. I mean, we look at, this, allowing this enhancement, you know, allowing a judge to give, you know, a sentence of 100 years or natural life under this enhancement essentially circumvents the entire statutory framework that the legislature has set up for sentencing in terms of, you know, we have a 20 to 60 base range. We have certain factors that elevate it to an extended term range of 60 to 100. We have certain factors that make it a mandatory natural life sentence. And those criteria are very specifically defined. So the legislature certainly could have done something similar in this context and decided what kinds of firearm deaths would require an enhancement of a sentence closer to life or a sentence, you know, or factors that the judge should consider when looking at this enhancement of 25 to life. So is it the great amount of difference between 25 and natural life that causes you the most concern about this, D.H.? Yes, that is very problematic in that it is the most severe sentence that could be given to a defendant. And here it's given under the guise of enhancement. A mandatory, yeah. Certainly mandatory, certainly that's true. We don't have any problem with the mandatory nature of it. But again, there are no factors to decide what to give within that range. It's notable that the state's attorney in its brief doesn't come up with any factors other than the so-called sliding scale of, you know, level of harm. But that doesn't really apply here where in a first degree murder context there's automatically going to be a victim's death caused by the firearm. So that doesn't really help a judge. Well, the judge would appear not to have followed this alleged sliding scale in this case. I mean, if we were to accept the state's sliding scale, it would seem to me the judge would have gone further out on the scale. Is that, who knows? I mean, it's a sentence of, I mean, every murder involving a firearm subjects you to the enhancement of 25 to life. So here we have one victim who was shot and killed. No other people were wounded. And it's not quite clear what would justify an enhancement above 25. Well, Sharp talks about that the legislature was concerned that not only for the victim, but because firearms are often used in public and the bystanders or others nearby are also placed in danger. And we certainly had that in this case. And that's certainly something that the legislature can factor into this provision as a reason to give a greater sentence. Here, it's not in the statute, and so it's up to us to sort of define that. And in doing so, it illustrates why this statute is vague. So if this court has no further questions, I'll reserve the remaining time for rebuttal. Thank you, counsel. Thank you. Thank you. Thank you. Again, may it please the court, I'm Assistant States Attorney Tasha Marie Kelly on behalf of the people. The 25 to life provision, which was the 30 years which was imposed here, does not present a vagueness problem. If you look at the test for determining whether a statute is vague, it states that the prohibitions must be definite, so there's fair warning as to the conduct that's permitted, and that there's sufficient standards so that the application is not dependent merely on the private conceptions. So clearly, the vagueness standard itself accepts the proposition that there's going to be some exercise of discretion by the person who's applying the statute in question. Specifically, in this case, it simply reflects the longstanding practice of allowing a court wide discretion in fashioning a sentence. That's always been accepted, because it's recognized that a court is in the best position to impose a sentence. And it also reflects that sentences are to be individualized. They're based on the facts of the case and other factors, which the court, in this case, considered in imposing its sentence. What about your opponent's argument that the statute, by not having any specific guidelines, invites the court to essentially double count the aggravating factors that court used for the basic sentence? I mean, that's a big part of your opponent's argument, that there were no other guidelines, so obviously the court has double counted those aggravating factors that the court used in sentencing the defendant to 50 years in the first place. And now, those same factors have been applied to the enhancement provision. What about that? Well, I would reply to that in two ways. Number one, case law is very clear that it is presumed that a court, in fashioning a sentence, properly applied the factors in aggravation and mitigation. So we can assume here that this court did the same, that he considered the factors in aggravation, he considered the factors in mitigation, and he properly applied them. As to the double enhancement problem, I would direct this court to People v. Sharp. In that case, there was an argument made regarding double enhancement, specifically in terms of the use of a firearm. The defendant argued that he was essentially double enhanced because the use of the firearm was being considered in his original sentence as well as in his enhancement. And what the court said to that was, where the legislature has made clear that there's an intention to enhance a penalty for a crime, even in a way that would constitute double enhancement, this court will not overrule the legislature. And it found that even if there was a double enhancement in that case, that it was permissible. And I would say the same is true here. It's our position that in considering the sentence to be imposed under the 25 to life range, the trial court is free to consider the same aggravating factors. There's nothing within the 25 to life statute which would, which indicates that that's not to be done. There's nothing in the aggravating factors provision that indicates it's not to be done. And it clearly states that it, those are the factors to be considered in extending a sentence. Moreover, there, to kind of get back to the question that you asked and that you asked, there's really nothing else that can be considered other than the same factors that are listed in that, in the aggravating factors section. And I think turning back again to people versus Sharp, in that case there was a long discussion about the 15, 20, 25 sentencing scheme in general. And one of the issues that was raised in that case was a vagueness challenge to the same statute, the 25 to life. Granted, it was on different grounds. But part of the discussion that came up within that case was that the reason that those, that that sentencing scheme was constitutional was because it considered the degree of harm that was caused by the firearm and the use of the firearm in the commission of the crime. And certainly, those are the same kind of things that this court would be considering in imposing the sentence under 25 to life. And while perhaps those factors are not specifically set out in the statute, as this court pointed out, this is what the trial court does every day. It fashions appropriate sentences based on appropriate factors. And this court, nor our Supreme Court, has ever felt it necessary to specifically lay out for each and every offense what type of factors need to be considered in considering, you know, for example, within a class four range, what you need to look at. Like, in a class three range, what you need to look at. And it certainly. This range is quite broad. And don't you think it would be at least wise for the legislature to lay out reasons to go 100 years, 200 years, or natural life, as opposed to the 25? Well, it is a very wide range. But I think that it reflects the fact that there are a number of things that are contained within that statute. This is personal discharge of a firearm, which causes great bodily harm, permanent disfigurement, or death. So certainly, there needs to be a wide range, you know, for someone who was murdered during the course of the event, as opposed to someone who was shot in the arm. And certainly, the people's position is that the legislature's intent was to have the wide range because of the wide disparity of things contained within the statute. I recognize, as you pointed out, that in this case, that did not seem to be the consideration of the court, as it imposed only a five year over the 25. But I believe that that is why there is such a wide range. And the plain language of the provision itself provides for that kind of guidance to the court. So your argument is that the statutory provision has guidance when it talks about bodily injury, bodily harm, and death. Within that context, that's the guidance that the legislature is providing in terms of how the court should mete out the time of the statute. You know, if somebody's injured, shot in the arm, as you use that, versus someone who was killed, then the enhancement would be less. Is that what you're arguing? I think our position is twofold. Number one, that there isn't a need for more specific criteria. And number two, that if this court is looking for criteria, that there is a sort of, I hate to use the term again, but sliding scale set forth within the provision itself. I think I like your argument better, that the legislature saw a great difference between injuries, and so gave the court a wide range. Because I don't see that as, I don't see sliding scale language. And I understand that certainly it's not reflected in this case. But again, I would point to the fact that the vagueness standard itself would not preclude the, would not preclude the fact that a statute allows for discretion by the court. The key word in that vagueness standard is merely. It can, the standards cannot rely merely on the applicant's private conceptions. So certainly the fact that private conceptions can be taken into consideration reflects the fact that a court has allowed some discretion in imposing the sentence. If there's no further questions. No, thank you. Thank you. Mr. Kopass, brief rebuttal please. Thank you, your honors.  In Sharpe, the court did address a double enhancement question. Certainly not the double enhancement question presented here. If it did, I wouldn't be making this argument. What the court said is that as compared to the 20 and 25 year life, 25 to life enhancement, there is no double enhancement. Because a person convicted of murder will automatically be subject to the 20 and 25 simultaneously, there's no double enhancement problem because that's what the legislature intended. And they conceived of situations where a defendant might actually be eligible for the 20. So they decided that as compared to the 20 and 25, there was no double enhancement issue. So they did not address sort of the double enhancement argument I'm making here with respect to the statutory or, you know, double counting the statutory aggravating facts. Does that logic not apply to this situation as set forth in Sharpe? No, because in the firearm enhancement provisions, the legislature's intent is clear. It's written out in three separate provisions. Here, we have one offense of first degree murder where the judge has to first fashion a base sentence of 20 to 60 years and has to do so based on appropriate factors, as this court said. Well, who says what's appropriate? Well, you look to the statute, which gives you, you know, 20-some-odd statutory aggravating factors to consider. Having reached that sentence of, you know, in this case, 50 years, there shall be added another one of 25 to life. It's only then that the firearm enhancement is considered. Then it would be inappropriate to sort of double count those aggravating factors for the same exact offense. And that's, again, this court recognized that when it remanded for sentencing on a single count. This is one offense of first degree murder. It would be highly inappropriate. Certainly, the legislature did not intend for you to take, for a judge to take all of those aggravating factors and just dump them into the firearm context to, again, elevate the defendant's sentence anywhere from 25 to life, in that exceedingly broad range. I'm having trouble with your argument because the fact is, the facts are whatever the facts are that, on which the defendant is going to be convicted for the underlying murder. So there's not going to be any separate set of facts to which the court is going to be able to look to determine. There's certainly a sentence in hearing. I mean, that's the point of presenting evidence in aggravation and mitigation. Yes. And I don't understand your argument that the court, in this case, did not take those factors into consideration. I don't think there's any indication of that. I think the problem is that we don't know. That's why it's unconstitutionally vague. We don't know what factors the judge considered. And we don't know how to review that. Because the judge gave a number of 30 years. Are you suggesting now we have to have a rule that the judge has to sit in front of the microphone, so to speak, and rattle off every factor that resulted in the determination? It was 50 or 25 or 30? Certainly not. But the legislature should have provided some guidelines for us to be able to look at to decide whether this enhancement is proper or whether the judge properly exercised his discretion based on what factors. Here we have nothing to look at to determine if the sentence of 30 years would have been an abuse of discretion. Again, 100 years, natural life. It's not clear what factors the judge should have been looking at to make that determination. That would be separate and apart from what the judge looked at in deciding that 50-year sentence. It lends itself to sort of arbitrariness or freakishness. Just as a matter of a hypothetical exercise, what kind of factors, if you had the opportunity to tell the legislature how to rewrite the statute, and I know you said you wouldn't presume to do that, but just humor me for the moment. What kind of factors would you be looking at? You know, what would you put in? Your opponent talked about the fact that the statute talks about injury, bodily harm, death, so there are some factors in there for the judge to look at. Some factors that. Okay, so you tell me. She gave me her answer. What factors would you think the legislature should put in there that would satisfy you that there are some guidelines that the court can rely on? Well, those factors that are in the statute, like great bodily harm, disfigurement, or death, are the facts that trigger the enhancement itself. They don't really give you any guidance of what to do within that, because again, the defendant, the first degree murderer will have the death. Okay, I accept that. On to the other questions. I suppose that you would put in that would give this legislature some guidance. And we all know sometimes they can use guidance from the people. So- I suppose that it's conceivable that the legislature could say, you know, certain kinds of firearms require, you know, again to sort of address the problems associated with firearms, maybe certain kinds of firearms require a greater sentence. Certain types of injuries, close range versus, you know, the number of shots fired might warrant a different or a greater sentence. Those are the sorts of things that if the legislature is looking to address the problems of firearms, that they could do to sort of give guidance to the judges, instead of just giving them an enhancement of 25 to life without any further guidance. Well, it seems maybe you kind of articulated why it may have been difficult for the legislature to do anything but what they did. I mean, using one kind of weapon in one circumstance might be more egregious than using it in a different circumstance. The facts are always going to be constantly different. And the legislature wouldn't have to sort of quantify that. But they should be able to sort of give factors, sort of like I laid out, the type of weapon, how it was used, that sort of thing, to give the judges and us some idea as to what should be considered in making that sentence. I think most defendants get the 25-year add-on just as a matter of course. So it seems sort of freakish when defendants don't get, when they get something above the 25 years. We have no way of sort of arguing that that was improper because those factors aren't listed in the statute. And so we'd sort of be inventing them, you know, on a field. So following your argument, whenever a defendant gets more than 25 years as an enhancement, there is likely a constitutional violation because you can't tell what the judge relied on. It certainly illustrates the constitutional violation. I mean, the statute itself is vague. But when a defendant gets anything above 25, that demonstrates that... Demonstrates that it was by whim as opposed to... Well, that we can't determine why, that it could be by whim. It could have been based on factors. And if the judge, let's say that Judge Higgins Grant in this case had said, here are 10 factors that I used in considering this enhancement, giving five years above the minimum. We would have no way to say whether those factors were appropriate. If the judge had said, you know, this type of weapon and this type of, you know, shooting into a car requires a greater sentence, we wouldn't be able to say, well, that's an appropriate factor, or well, that's an inappropriate factor, because the legislature hasn't given us any guidance whatsoever as to what would be a proper sentence within that range. So this court has no further questions. We'd ask that you strike this enhancement as unconstitutionally vague or reduce it to the minimum 25 years. Thank you both for a very spirited argument. And this case will be taken under advisement. Court's adjourned.